UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Freddie Hughey,<br><br>                             Plaintiff,<br><br>v.<br><br>Scott Kernan, Secretary at CDCR,<br><br>                            Defendant. | Case No.: 18-cv-00313-WQH-BGS<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF NO. 7]** |

      This Report and Recommendation is submitted to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California. On August 9, 2018, Defendant Scott Kernan filed a motion to dismiss Plaintiff Freddie Hughey's complaint on the grounds that Defendant is entitled to qualified immunity on Plaintiff's claim for monetary damages and his injunctive relief request should be dismissed or stayed under the abstention doctrine. (ECF No. 7-1.) On October 11, 2018, Plaintiff filed an opposition. (ECF No. 10.) On October 18, 2018, Defendant filed a reply. (ECF No. 11.)

      Additionally, on October 5, 2018, Defendant filed an Ex Parte Motion to take judicial notice and supplement Defendant's Motion to Dismiss, in which Defendant argues that the California Court of Appeal's decision in *In re Edwards*, 237 Cal. Rptr. 3d 673 (Ct.

1

App. 2018) renders Plaintiff's request for injunctive relief moot. (ECF No. 9.) At the Court's direction (ECF No. 12), Plaintiff filed an opposition to the ex parte motion on December 13, 2018. (ECF No. 13.)

For the reasons discussed below, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (ECF No. 7) be **GRANTED**.

## I. BACKGROUND

In the complaint, Plaintiff alleges that pursuant to Proposition 57, inmates who have not been convicted of a violent felony as a primary offense are entitled to early parole consideration after completing the full term of their primary offense. (ECF No. 1 at 3.) He alleges that California Department of Corrections and Rehabilitation ("CDCR") regulations define a violent felony consistently with California law as those listed under California Penal Code § 667.5, but the regulations certified by Defendant Kernan go further and improperly exclude three-strike inmates who are serving life sentences for nonviolent felonies from early parole consideration. (*Id.* at 3-4.)

Plaintiff claims that he is serving a 29 year life sentence under California's Three Strikes sentencing law for a primary offense that is not defined as a violent felony by the California Penal Code, petty theft. Thus, Plaintiff claims he is eligible for a Proposition 57 early parole hearing. However, he is being denied his right to such a hearing because Defendant Kernan's approved CDCR regulations deny Proposition 57 early parole hearings to life-sentence inmates like Plaintiff. (*Id.* at 4.)

Plaintiff claims that by implementing CDCR regulations excluding inmates like himself from early parole consideration, Defendant Kernan has violated his Fourteenth Amendment equal protection and due process rights. (*Id.* 1 at 3-7.) He seeks both monetary damages and injunctive relief. (*Id.* at 10.)

## II. LEGAL STANDARD

A defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Id.* Federal Rule

of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to provide a defendant of "fair notice of what the . . . claim is and the grounds upon which it rest." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Further, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The requirement for facial plausibility is met when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a claim's plausibility, the Court must "draw on its judicial experience and common sense." *Id.* at 679 (determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). A "mere possibility of misconduct" falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The court is "not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (courts need not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts must assume the truth of the facts presented and construe all inferences from them in the light most favorable to the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam); *Johnson v. Riverside Healthcare Sys.*, *LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008). Further, the court may consider allegations contained in the pleadings, exhibits attached to

the complaint, and documents and matters properly subject to judicial notice. *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

### III. DISCUSSION

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must plead facts sufficient to show (1) a right, privilege or immunity protected by the Constitution or laws of the United State was violated; and (2) the violation was committed by an individual acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 2015).

Here, Defendant does not argue that Plaintiff fails to state a claim under Section 1983. Instead, he argues Defendant is entitled to qualified immunity on Plaintiff's claim for monetary damages even if he did violate Plaintiff's Fourteenth Amendment rights. (ECF No. 7-1 at 11-13.) Further, he argues Plaintiff's claim for injunctive relief should be stayed or dismissed under *Younger v. Harris*, 401 U.S. 37, 40-46 (1971) and/or *Railroad Commission of Texas v. Pullman Co.* ("*Pullman*"), 312 U.S. 496, 500 (1941) abstention doctrines. (*Id.* at 14-16.) Further, Defendant argues Plaintiff's request for injunctive relief is now moot based on the California Court of Appeal's decision in *In re Edwards*, 237 Cal. Rptr. 3d 673 (Ct. App. 2018). (ECF No. 9 at 2-3.) The Court addresses each of Defendant's arguments in turn.

**A. Qualified Immunity**

    **1. Legal Standard**

As recently reiterated by the Supreme Court, "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *City of Escondido, Cal. v. Emmons*, No. 17-1660, 586 U.S. ___, ___ S. Ct. ___, 2019 WL 113027, at *2 (U.S. Jan. 7, 2019) (per curiam) (quoting *Kisela v. Hughes*, 584 U.S. ____, 138 S. Ct. 1148, 1152 (2018) (per curiam) (internal quotation marks omitted)). It "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 743 (2011).

When determining whether an officer is entitled to qualified immunity, courts consider (1) whether a constitutional right was violated and (2) whether the right was clearly established at the time of the alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Felarca v. Birgeneau*, 891 F.3d 809, 815 (9th Cir. 2018). Both requirements must be satisfied for the officer to be liable, otherwise he is entitled to immunity. Further, these two requirements may be addressed in either order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The burden is on the party contesting qualified immunity to show that a law was clearly established at the time of an alleged violation. *Davis v. Scherer*, 468 U.S. 183, 197-98 (1984). To be clearly established, the right's contours must be "sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Kisela*, 138 S. Ct. at 1553. This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier*, 533 U.S. at 201. Thus, "[t]he clearly established right must be defined with specificity." *City of Escondido*, 2019 WL 113027, at *2. While "caselaw does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *Kisela*, 138 S. Ct. at 1552. "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (citation omitted). "The 'state of the law' was sufficiently clear if it gave 'fair warning' to an officer that his conduct was unconstitutional." *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 454 (9th Cir. 2013) (citation omitted). Only the "plainly incompetent" officer will not enjoy qualified immunity. *Kisela*, 138 S. Ct. at 1552 (citation omitted).

Qualified immunity serves only as an immunity in a suit for damages; it is not an immunity from a suit for declaratory or injunctive relief. *See Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1472 (9th Cir. 1993); *Am. Fire, Theft & Collision Managers, Inc. v. Gillespie*, 932 F.2d 816, 818 (9th Cir. 1991).

**2. Analysis**

Regardless of whether Defendant violated Plaintiff's constitutional rights, the Court must determine if the alleged violation was "clearly established at the time" of the officer's alleged misconduct. *See Saucier*, 533 U.S. at 201; *Felarca*, 891 F.3d at 815. The question here is whether, when CDCR's regulations were enacted excluding inmates with life sentences from Proposition 57 early parole consideration, was it clearly established that this would violate inmates like Plaintiff's constitutional rights?

Proposition 57 was approved by the California voters in the November 2016 general election. As relevant here, the test of Proposition 57 states the voters' purposes in approving the measure were to:

> 1. Protect and enhance public safety.
> 2. Save money by reducing wasteful spending on prisons.
> 3. Prevent federal courts from indiscriminately releasing prisoners.
> 4. Stop the revolving door of crime by emphasizing rehabilitation, especially for juveniles.

Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 57, p. 141 [§ 2]. Proposition 57 added Section 32 of Article I to the California Constitution, which reads:

> SEC. 32. (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
>
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
>
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.
>
> (2) Credit Earning: The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements.

> (b) The Department of Corrections and Rehabilitation shall adopt regulations in furtherance of these provisions, and the Secretary of the Department of Corrections and Rehabilitation shall certify that these regulations protect and enhance public safety.

Cal. Const. art. I, § 32. As shown above, the Amendment did not define the term "nonviolent felony offense." Instead, such definitions and regulatory specifics were left to the discretion of the Secretary of CDCR with the caveat that he must certify that such regulations "protect and enhance public safety." *Id.* An inmate such as Plaintiff who has been sentenced pursuant to the Three Strikes law must have had it pleaded and proven that he committed one or more prior felonies defined as "violent" or "serious." *See* Cal. Pen. Code §§ 667(d), 1170.12(b).[1] Such felonies include murder, voluntary manslaughter, any robbery, kidnapping, various specified sex crimes, and other offenses. *See* Cal. Pen. Code §§ 667.5(c), 1192.7(c). If such an inmate "ha[s] two or more prior qualifying felonies, the prescribed term for the current (or 'triggering') felony conviction [is] an indeterminate term of life imprisonment . . . ." *In re Edwards*, 237 Cal. Rptr. 3d 673, 677 (Ct. App. 2018). Because of this fact, Defendant could have believed the decision to define "nonviolent felony offense" in such a way as to bar three-strike inmates with life sentences, who necessarily would have committed two or more prior "violent" or "serious" felonies, from early parole eligibility was within constitutional parameters in light of public safety considerations.[2]

Additionally, Defendant could have believed that it was constitutional to determine that inmates serving indeterminate terms could never satisfy the condition precedent, completion of the "full term for his or her primary offense", to trigger the Amendment's

---

[1] For an overview of California's Three Strikes law and its interplay with Proposition 57 regulations promulgated by CDCR, see *In re Edwards*, 237 Cal. Rptr. 3d at 677-79.

[2] As acknowledged in *In re Edwards*, CDCR reconsidered its definition of nonviolent offender following a period of public comment in May 2018. 237 Cal. Rptr. 3d at 679. However, at the same time "CDCR made another change in the regulations as adopted so that [Three Strikes inmates serving indeterminate life sentences] and similarly situated others would remain ineligible for Proposition 57 relief." *Id.*

application. *See* Cal. Const. art. I, § 32(a)(1). Arguably, because an indeterminate life sentence does not have a fixed term, an indeterminately sentenced inmate can only serve his full indeterminate term when found suitable for parole. Thus, an inmate serving an indeterminate life sentence would be unable to complete the "full term for his or her primary offense" and would not qualify for early parole consideration.[3] As such, Defendant "could have believed [his] actions [were] lawful at the time they were undertaken." *Friedman v. Boucher*, 580 F.3d 847, 858 (9th Cir. 2009); *see Vaught v. Kernan*, No.18cv300-CAB-JMA, ECF No. 11 (S.D. Cal. Aug. 1, 2018) (granting Defendant Kernan's motion to dismiss monetary damages on same Proposition 57 issue based on qualified immunity).

Further, Plaintiff bears the burden of proving the existence of the right was clearly established by law at the time of the conduct at issue. *Davis*, 468 U.S. at 197. In his opposition, Plaintiff argues why he believes the regulations are incorrect (ECF No. 10 at 9-11), but he points to no case authority to show that it was "clearly established" that the regulations would violate inmates' constitutional rights at the time of the regulations' enactment.[4] Without such authority, Defendant would not have had fair warning that his actions were unconstitutional. Instead, Plaintiff claims that this is an "obvious case" in which Defendant Kernan should have used "common sense" to assess his legal obligations.

---

[3] *In re Edwards* convincingly refutes this argument. However, as discussed below, it was not decided under September 7, 2018 and could not have "placed the . . . constitutional question beyond debate" at the time of Defendant's enactment of the regulations at issue. *See Al-Kidd*, 563 U.S. at 741.

[4] As discussed below, CDCR has since enacted emergency regulations "to allow inmates who are incarcerated for a term of life with the possibility of parole for nonviolent offenses to be eligible for parole consideration by the Board of Parole Hearings" in response to the California Court of Appeal's decision *In re Edwards*, 237 Cal. Rptr. 3d 673 (Ct. App. 2018). 1-Z Cal. Regulatory Notice Reg. 43 (Jan. 4, 2019) (https://oal.ca.gov/wp-content/uploads/sites/166/2019/01/1z-2019.pdf); 2019 CA Reg. Text 514085 (NS) (enacted Jan. 4, 2019). *In re Edwards* instructed CDCR "to treat as void and repeal that portion of section 3491, subdivision (b)(1) of title 15 of the California Code of Regulations challenged . . . and to make any further conforming changes thereafter necessary to render the regulations adopted pursuant to section 32(b) consistent with section 32(a) and this opinion." 237 Cal. Rptr. at 682. However, *In re Edwards* was not decided until September 7, 2018 and thus could not have "placed the . . . constitutional question beyond debate" at the time of Defendant's enactment of the regulations at issue. *See Al-Kidd*, 563 U.S. at 741.

8

(*Id.* at 8.) However, Defendant's decision to enact the regulations at issue is not the type of behavior that runs contrary to "common sense." *See, e.g.*, *Sepulveda v. Ramirez*, 967 F.2d 1413, 1414-16 (9th Cir. 1992) (male parole officer's decision to walk into bathroom stall and watch female parolee provide urine sample was "contrary to common sense"). Accordingly, Plaintiff has not met his burden, and the Court **RECOMMENDS** that the motion to dismiss Plaintiff's claim for damages be **GRANTED** on the grounds of qualified immunity.

### B. Request for Injunctive Relief

In addition to his claim for money damages, Plaintiff also requests injunctive relief. Specifically, he requests the Court issue an injunction preventing Defendant "from violating [Plaintiff's] constitutional right to non-violent early parole hearing . . . ." (ECF No. 1 at 10.) In response to that request, and via an ex parte motion, Defendant requests judicial notice be taken of *In re Edwards*, 237 Cal. Rptr. 3d 673 (Ct. App. 2018) pursuant to Federal Rule of Evidence 201(b). (ECF No. 9).

As court orders and filings are proper subjects of judicial notice, Defendant's request for judicial notice (ECF No. 9) is **GRANTED**. Fed. R. Evid. 201(b) (a court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993); *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of court records).

#### 1. *In re Edwards* Renders Plaintiff's Request for Injunctive Relief Moot

Defendant argues that the California Court of Appeal's decision in *In re Edwards*, 237 Cal. Rptr. 3d 673 (Ct. App. 2018) moots Plaintiff's request for injunctive relief. (ECF No. 9.) Plaintiff counters that "at least one state court has already ruled that *Edwards* does not resolve the main issue that has been raised by the plaintiff in another case directly on

point." (ECF No. 13 at 2.) He asks the Court to "take notice of *In re Quillar*, case no. HC23205 . . . ." (*Id.*) However, because Plaintiff fails to specify or attach a specific order to his request, it is unclear exactly what he is asking the Court to take judicial notice of. (*See* ECF No. 13.) In light of this, the request for judicial notice is **DENIED**.

Further, regardless of whether *In re Edwards* "resolve[d] the main issue" raised in *In re Quillar* as alleged by Plaintiff (*see* ECF No. 13 at 2), by finding the regulations Plaintiff takes issue with in his complaint to "impermissibly circumscribe eligibility for Proposition 57 parole by barring relief for [plaintiff] and other similarly situated inmates serving Three Strikes sentences for nonviolent offenses" and voiding them, *In re Edwards* does moot Plaintiffs' request for injunctive relief. (*See* ECF No. 1 at 10 [requesting an injunction preventing Defendant "from violating [Plaintiff's] constitutional right to non-violent early parole hearing"].)

As discussed above, Plaintiff argues that CDCR regulations do not comply with Proposition 57 because three-strike inmates with nonviolent offenses are excluded from eligibility for early parole hearings. (*See* ECF No. 1 at 3-7.) *In re Edwards* voided the regulatory language Plaintiff takes issue with. *See* 237 Cal. Rptr. 3d at 682 ("CDCR's adopted regulations impermissibly circumscribe eligibility for Proposition 57 parole by barring relief for Edwards and other similarly situated inmates serving Three Strikes sentences for nonviolent offenses. The offending provisions of the adopted regulations are inconsistent with section 32 and therefore void.").

In light of this holding, CDCR has since enacted emergency regulations "to allow inmates who are incarcerated for a term of life with the possibility of parole for nonviolent offenses to be eligible for parole consideration by the Board of Parole Hearings."[5] 1-Z Cal.

---

[5] The case docket in Plaintiff's active state habeas action also acknowledges this fact. On October 23, 2018, the case was held in abeyance "on the grounds that [CDCR] is amending Prop. 57 regulatory scheme to allow parole consideration for inmates serving non-violent offenses sentenced to life terms under the Three Strikes law in accordance with *In re Edwards*." California Appellate Courts Case Information Website, Second Appellate District, Division Seven, Case No. B289276, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2248485&doc_no=B289

Regulatory Notice Reg. 43 (Jan. 4, 2019) (https://oal.ca.gov/wp-content/uploads/sites/166/2019/01/1z-2019.pdf). Accordingly, the regulations challenged by Plaintiff in his complaint are no longer operative. Thus, it is **RECOMMENDED** that the Court find Plaintiff's request for injunctive relief to be **MOOT** in light of *In re Edwards* and CDCR's subsequent enactment of revised emergency regulations to permit individuals such as Plaintiff to be eligible for early parole consideration. *See Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) ("A claim is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'")).

### 2. Abstention

Additionally, Defendant argues that the complaint is barred by the *Younger* abstention doctrine because it involves ongoing state court proceedings.[6] (ECF No. 7-1 at 14-15.) Plaintiff does not address the abstention doctrine's impact on his injunctive relief request. (*See* ECF No. 10.)

Generally, *Younger* and its progeny direct federal courts to abstain from granting injunctive or declaratory relief when it would interfere with pending state judicial proceedings. *Younger*, 401 U.S. at 40-41; *Samuels v. Mackell*, 401 U.S. 66, 73 (1971). The *Younger* doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). When federal courts disrupt a state court's opportunity to "intelligently mediate federal constitutional concerns and state interests" by "interjecting themselves in[to] such disputes, they prevent the informed evolution of state

---

276&request_token=NiIwLSIkTkw%2BWzAtSCJdVElIUFw6USxTKyBOTz1SUCAgCg%3D%3D (last visited Jan. 23, 2019).

[6] Defendant also argues that the Court should abstain from hearing the case under the *Pullman* abstention doctrine. (ECF No. 7-1 at 15-16.) However, as the California Court of Appeal has already voided the regulatory language Plaintiff takes issue with, federal constitutional issues are no longer being raised in connection with a state statute whose interpretation is unsettled. *See Smelt v. Cty. of Orange*, 447 F.3d 673, 679 (9th Cir. 2006) (requiring the possibly determinative issue of state law to be doubtful).

policy by state tribunals." *Id.* at 429-30. Accordingly, the *Younger* doctrine has been expanded to include pending state civil suits in which important state interests are involved. *See id.* at 423 (citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975)).

Thus, in the absence of "extraordinary circumstances", abstention is required if the state proceedings (1) are ongoing; (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fresh Int'l Corp. v. Agric. Labor Relations Bd.*, 805 F.2d 1353, 1357-58 (9th Cir. 1986).

Here, all three requirements for the *Younger* abstention doctrine are met. First, Plaintiff currently has a petition for writ of habeas corpus pending before the California Court of Appeal, Second Appellate District in which he raises the same issue that he raises in his federal complaint regarding CDCR's Proposition 57 related regulations and their impact on three-strike inmates.[7] (*See* ECF No. 7-2 at 13-42.) In that habeas petition, he requests that "an order issue directing [CDCR] to fully enforce Proposition 57" and that "the requirements of California Constitution Article 1, Sec. 32 [be applied] to [his] case." (*Id.* at 19-20.) Plaintiff's state habeas action was being held in abeyance given that CDCR was in the process of amending its Proposition 57 regulatory scheme "to allow parole

---

[7] Defendant requests that the Court take judicial notice of *Vaught v. Kernan*, No.18cv300-CAB-JMA, ECF No. 11 (S.D. Cal. Aug. 1, 2018), Plaintiff's Petition for Writ of Habeas Corpus filed in *In re Hughey*, Case No. B289276, California Court of Appeal, Second Appellate District, District Seven, as well as the state court docket regarding *In re Hughey*, which is available at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2248485&doc_no=B289276&request_token=NiIwLSIkTkw%2BWzAtSCJdVElIUFw6USxTKyBOTz1SUCAgCg%3D%3D. (ECF No. 7-2 at 1-2.) As court orders and filings are proper subjects of judicial notice, Defendant's request for judicial notice as to these documents (ECF No. 7-2 at 1-2) is **GRANTED**. The docket in Plaintiff's active state habeas case notes that the case was held in abeyance "on the grounds that [CDCR] is amending Prop. 57 regulatory scheme to allow parole consideration for inmates serving non-violent offenses sentenced to life terms under the Three Strikes law in accordance with *In re Edwards*." California Appellate Courts Case Information Website, Second Appellate District, Division Seven, Case No. B289276, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2248485&doc_no=B289276&request_token=NiIwLSIkTkw%2BWzAtSCJdVElIUFw6USxTKyBOTz1SUCAgCg%3D%3D.

consideration for inmates serving non-violent offenses sentenced to life terms under the Three Strikes law in accordance with *In re Edwards*." However, per the docket in Plaintiff's state habeas action, the emergency regulations were adopted as of January 4, 2019, and an update regarding the Attorney General's position as to Plaintiff's habeas petition for habeas corpus is due on January 28, 2019. Further, the state court petition filed by three-strike inmate Elbert Lee Vaught also addresses the same issue addressed here and the matter is also ongoing. (*See* ECF No. 7-2 at 47-62.)[8]

Second, policies concerning prison sentencing and the application of CDCR's newly revised regulations to be in keeping with Proposition 57 implicate important state interests. *See Middlesex Cty. Ethics Comm.*, 457 U.S. at 432 ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation."); *Vaught*, No.18cv300-CAB-JMA, ECF No. 11 at 4 ("The social policy concerning prison sentencing, especially relating to three-strike inmates, is a sensitive area that has traditionally been regulated through state law.") Third, Plaintiff does not provide any facts to suggest that the state court system does not have procedures in place for him to adequately litigate his federal claims. Accordingly, Plaintiff's complaint is barred by the *Younger* abstention doctrine and the Court **RECOMMENDS** that the case be **DISMISSED**.

### IV.   CONCLUSION

For the reasons outlined above, **IT IS RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; and (2) **GRANTING** Defendant's Motion to Dismiss (ECF No. 7).

---

[8] California Appellate Courts Case Information Website, Fourth Appellate District, Division Three, Case No. G054657, http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=43&doc_id=2178876&doc_no=G054657&request_token=NiIwLSIkTkw%2BWyBJSCJNTENIMEQ7UFxbJiNeXz9SQCAgCg%3D%3D (last visited January 23, 2019). Petitioner Vaught is represented by the Office of the Public Defender, and the parties have a status report due in mid-February 2019 to update the Court on "how the new CDCR regulations affect the current habeas corpus proceeding."

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **February 14, 2019**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **February 21, 2019**. The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: January 24, 2019

Hon. Bernard G. Skomal
United States Magistrate Judge